IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01108-BNB

ROBERT DALE SHEPARD,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
CHARLES E. SAMUELS, JR., in his official capacity as Director of the
    Federal Bureau of Prisons,
PATRICIA RANGEL, ADX General Population Unit Manager, individually,
DAVID FOSTER, ADX Counselor, individually,
FNU GEORGE, ADX Correctional Officer, individually,
FNU SHEPHERD, ADX Correctional Officer, individually,
FNU ROY, ADX Correctional Officer, individually,
JOHN DOE #1G, whose true name is unknown, ADX Correctional Officer, individually,
    and
JOHN DOE # 2G, whose true name is unknown, ADX Correctional Officer, individually,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

Plaintiff, Robert Dale Shepard, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado.  Mr. Shepard filed *pro se* a prisoner complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Administrative Procedures Act (APA), and other statutory authority.  Mr. Shepard asks for money damages and declaratory and injunctive relief.  He has paid the $350.00 filing fee.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Shepard is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  See Neitzke v. Williams, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Shepard's filings liberally because he is a *pro se* litigant.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  See Hall, 935 F.2d at 1110.  For the reasons stated below, the complaint and the action will be drawn in part and dismissed in part as legally frivolous.

Mr. Shepard asserts four claims.  As his first claim, Mr. Shepard, who alleges that he is a "jailhouse lawyer," asserts retaliation by prison officials for exercising his First Amendment rights.  He recounts various incidents, apparently asserting each incident as a retaliation subclaim to compile a pattern of retaliation.  The retaliation claim, which is asserted against Defendants Patricia Rangel, David Foster, FNU George, FNU Shepherd, FNU Roy, and John Doe ##1G and 2G, will be drawn to a district judge and a magistrate judge.

As his second claim, Mr. Shepard alleges that Defendant Rangel was a biased hearing officer at his disciplinary proceeding in violation of his Fifth Amendment due process rights.  He specifically alleges that Ms. Rangel both initiated the order for him to move from his cell to the Special Housing Unit that resulted in the disciplinary charge

against him for refusing to obey the order to move, and then refused to recuse herself from the disciplinary hearing on the charge. The due process claim will be drawn to a district judge and magistrate judge.

As his third claim, Mr. Shepard alleges that the BOP's denial of his administrative grievance -- in which he complained that procedures for obtaining Attempt for Informal Resolution, or BP-8, forms are inappropriate -- was arbitrary, capricious, and an abuse of discretion. On the basis of these allegations, he is suing Defendant Charles E. Samuels, Jr., BOP director, although Harrell Watts, administrator for national inmate appeals who is not a named Defendant, denied the grievance. Mr. Shepard asserts this claim pursuant to the APA, which provides that a reviewing court must set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Mr. Shepard's APA claim based on the denial of his grievance will be dismissed. Actions that may be reviewed under the APA include "[a]gency action made reviewable by statute and final agency action for which there is not other adequate remedy in court." 5 U.S.C. § 704. Mr. Shepard does not identify any statute authorizing review of his challenge to the denial of his administrative grievances under the APA. Moreover, the APA does "not apply to the making of any determination, decision, or order under [the] subchapter" governing imprisonment. *See* 18 U.S.C. § 3625. Claim three asserted against Defendant, Mr. Samuels, will be dismissed as meritless.

As his fourth and final claim Mr. Shepard complains that when he originally was transferred to ADX in May 2001 from the United States Penitentiary in Leavenworth, Kansas, he failed to receive a hearing prior to his transfer in violation of his due process

rights and the APA.  He asserts this claim against the BOP, although he has failed to include the BOP in the caption to the complaint as a named Defendant.  The Court has added the BOP as a Defendant in the caption to this order, and the clerk of the Court will be directed to add the BOP as a party to this action.

In any event, as previously stated, pursuant to § 3625, the APA does not apply to determinations governing imprisonment.  Mr. Shepard's due process claim concerning his transfer also is without merit.  The United States Constitution guarantees due process when a person is deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Mr. Shepard does not allege that he was deprived of life or property by his transfer.  The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  Generally, a liberty interest may arise from the Constitution itself or under prison regulations.  *Id.* at 483-84.  Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *See id.* at 480.

Mr. Shepard's transfer from one federal penitentiary to another does not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life, nor does it implicate a liberty interest that arises directly under the Constitution because prisoners are not entitled to any particular degree of liberty.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369.  The Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement.  *Meachum*, 427 U.S. at 225; *Templeman*, 16 F.3d at 369.  In short, the Due Process Clause does not protect every change in the conditions of confinement that has

a substantial adverse impact on the prisoner.  *See Meachum*, 427 U.S. at 224.  Claim four is meritless, and will be dismissed.

Accordingly, it is

ORDERED that the complaint and the action are drawn in part and dismissed in part.  It is

FURTHER ORDERED that claim three against Defendant, Charles E. Samuels, Jr., and claim four against the Federal Bureau of Prisons, which is not named as a Defendant in the caption to the complaint but which the Court has added as a Defendant in the caption to this order, are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that the clerk of the Court shall add the Federal Bureau of Prisons as a party to this action.  It is

FURTHER ORDERED that Defendants, Charles E. Samuels and the Federal Bureau of Prisons, are dismissed as parties to this action.  It is

FURTHER ORDERED that remaining claims one and two and the case shall be drawn to a district judge and a magistrate judge.  The remaining Defendants are Patricia Rangel, David Foster, FNU George, FNU Shepherd, FNU Roy, and John Doe ##1G and 2G.

DATED at Denver, Colorado, this __15th__ day of _____May_____, 2012.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court