IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01108-RBJ-KLM

ROBERT DALE SHEPARD,

    Plaintiff,

v.

PATRICIA RANGEL, ADX General Population Unit Manager, in her official and individual capacities,
DARREN FOSTER, ADX Counselor, in his official and individual capacities,
DANIEL SHEPHERD, ADX Correctional Officer, in his official and individual capacities, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to the Court for Privileged Mail Designation** [Docket No. 63; Filed January 4, 2013] (the "Motion"). Plaintiff avers that he is not receiving all of his mail from the Court and therefore seeks a Court order requiring such mail to be marked "Special Mail–Open only in the presence of the inmate." *Motion* [#1] at 4. He believes that Bureau of Prisons ("BOP") staff are opening and discarding some of his mail sent by the Court. *Id.* at 2. Defendants did not file a response to the Motion.

Plaintiff directs the Court's attention to 28 C.F.R. § 540.18(a), which states:

> The [BOP] Warden shall open incoming special mail only in the presence of the inmate for inspection of physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the

envelope is marked "Special Mail–Open only in the presence of the inmate". In the absence of such identification or marking, BOP "staff may treat the mail as general correspondence and may open, inspect, and read the mail." 28 C.F.R. § 540.18(b). The process for the handling of special legal mail by BOP staff is as follows:

> [BOP s]taff shall mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter. The inmate may be asked to sign as receiving the incoming legal mail. This paragraph applies only if the sender has marked the envelope as specified in § 540.18.

28 C.F.R. § 540.19.

The Court makes several observations with respect to Plaintiff's request. First, nothing in these regulations requires the Clerk of the Court to mark mail sent to the BOP as "Special Mail–Open only in the presence of the inmate". Rather, the decision regarding whether to mark mail in such a way is at the discretion of the sender. Second, nothing sent to Plaintiff from the Court is confidential; in fact, every order and other document issued by the Court is on the electronic docket and thus in the public record. Third, Plaintiff has not provided proof that his mail is being opened outside of his presence. He merely infers that it is being opened and discarded because he has allegedly not received all Court Orders. He admits that he only assumes that the problem is with BOP staff because "nobody in your [Clerk's] Office has any reason not to abide by their ministerial duties in mailing to me all Court Orders in my case, whereas the prison officials at this institution do have a reason to interfere with my mail from the Court." *Motion* [#63] at 1. This means that the issue could lie anywhere in the chain, *e.g.*, a clerical error at the Court, loss of mail through the Postal Service, or an issue at Plaintiff's prison facility, whether benign or not. Finally, the

Court notes that Plaintiff seems to be receiving the vast majority of his legal mail. In the Motion, he only refers to one piece of mail from the Court that he has not received. *Id.* at 2 (referring to Minute Order [#62]). These considerations, without more, are insufficient to require the Clerk of the Court to change his mailing procedures. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#63] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall send Plaintiff a copy of Minute Order [#62].

Dated: February 5, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge