**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-01108-RM-KLM

ROBERT DALE SHEPARD,

    Plaintiff,

v.

PATRICIA RANGEL, ADX General Population Unit Manager, individually and in her official capacity,
DARREN FOSTER, ADX Counselor, individually and in his official capacity,
DANIEL SHEPHERD, ADX Correctional Officer, individually and in his official capacity, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on U.S. Magistrate Judge Kristen L. Mix's Recommendation (the "Recommendation") (ECF No. 89) that this Court grant the respective motions to dismiss filed by the Defendants in this case: Defendant Daniel Shepherd's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 52) ("Shepherd's Motion"); Defendants Patricia Rangel, Darren Foster, Federal Bureau of Prison ("BOP") and Mr. Shepherd's Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 55) ("BOP's Motion"); and Mr. Foster's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 56) ("Foster's Motion").

After the Recommendation issued, Plaintiff Robert Dale Shepard ("Plaintiff") did not file a response within the allotted time to object, but was granted an extension and filed an objection to the Recommendation on May 13, 2013 (the "Objection") (ECF No. 96). Defendants filed three distinct responses to the Objection (ECF Nos. 98, 99, 100). For the reasons stated below,

the Objections to the Recommendation are OVERRULED, the Magistrate Judge's Recommendation is ADOPTED, and Plaintiff's amended complaint is DISMISSED in part with prejudice and in part without prejudice.

## I.   LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     FACTS AND PROCEDURAL HISTORY

The Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein. To the extent any additional facts are necessary for the Court's resolution of this matter or for context, such facts are below.

Plaintiff, a prisoner in the custody of the BOP at the United States Penitentiary, Administrative Maximum ("ADX"), filed a First Amended Complaint ("FAC") on November 8, 2012. (ECF No. 46.) Plaintiff alleges that in June of 2010, he lodged a complaint about his cell being ransacked in retaliation for asking to be escorted to the law library. (*Id.* ¶ 10.) Then, he alleges he was told that he was being transferred to the Protective Custody range due to having filed a grievance against another inmate. He refused to go, saying he would be subject to ostracization if he went, and that the attempted move and his subsequent move to the Special Houston Unit were retaliatory acts because he filed grievances. (*Id.* ¶¶ 35-38.) Plaintiff alleges a range of other retaliatory acts including subsequent cell searches, moves to special units, and abuse of the grievance process.

In the FAC, he asserted four causes of action against the various Defendants. Plaintiff's first cause of action is a claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (hereinafter *Bivens*), alleging retaliatory action in violation of his First Amendment rights. Plaintiff's second cause of action alleges a violation of the Fifth Amendment guarantee of procedural due process. Plaintiff's third cause of action alleges that the BOP acted in violation of the rule that an agency must obey its own regulations as set forth *Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (hereinafter *Accardi*). Plaintiff's fourth cause of

action alleges that the BOP's denial of Plaintiff's underlying grievance was an abuse of discretion and not in compliance with the law.

Judge Mix spent 44 pages analyzing Plaintiff's claims thoroughly in the Recommendation and ultimately concluded that each of Plaintiff's four causes of action should be dismissed. She reasoned that the doctrine of sovereign immunity bars Plaintiff's official capacity claims because there is no *Bivens* remedy against a public official in his official capacity. She further reasoned that the declaratory judgment Plaintiff asked for is unavailable because Plaintiff seeks a retrospective sanction, and injunctive relief is inappropriate because Plaintiff failed to allege that he is in danger of being harmed either presently or in the future. Judge Mix also reasoned that there are alternative remedies available to Plaintiff and special factors weigh against the creation of a new *Bivens* remedy here. Judge Mix recommended that Plaintiff's third cause of action be dismissed without prejudice, as well as Plaintiff's other claims for injunctive and declaratory relief. She recommends that his claims for monetary damages be dismissed with prejudice.

### III. ANALYSIS

This Court has reviewed the Recommendation, the Objection and conducted a *de novo* review of the docket, and concludes that Magistrate Judge Mix's analysis of the issues was thorough and her conclusions were correct. The Objection contains 17 enumerated paragraphs setting forth Plaintiff's purported factual and legal disputes with Judge Mix's analysis, and the Court will address each in turn.

Plaintiff's first objection argues that Judge Mix was incorrect in her assertion that Plaintiff may not bring this action under diversity jurisdiction. Plaintiff argues that this Court "should, and must, exercise [its] diversity jurisdiction." (ECF No. 96 at 4.) But Plaintiff

misunderstands Judge Mix's point regarding diversity jurisdiction, which was simply that "the existence of diversity jurisdiction in this case does not alter the Court's analysis of the merits of this issue, as jurisdiction in a *Bivens* action is based on . . . federal-question jurisdiction." (ECF No. 89 at 3.) Plaintiff brought his claim under the United States Constitution rather than under a cause of action based in state law. (*See* ECF No. 46, First Amended Complaint, at 4 ("Plaintiff brings this action pursuant to the United States Constitution, Bivens, and/or 42 U.S.C. § 1983.").) Thus, Judge Mix's original analysis was correct and this objection is overruled.

Plaintiff's second objection argues that Judge Mix's account of the underlying events giving rise to this action is "incomplete, tracking only the version supplied in the Shepherd Motion to Dismiss . . . rather than the First Amended Complaint." (ECF No. 96 at 4.) He points specifically to "the hard-to-miss fact that Defendant Shepherd's retaliation included the filing of a false disciplinary charge against the Plaintiff." (*Id*. at 5.) He argues that this omission "is clear evidence that the Magistrate simply sided with the Defendants from the outset, accepted all of their submissions without question, and disregarded all of the Plaintiff's arguments to the contrary; all of which demonstrates the necessity for a complete de novo review of all factual and legal aspects of the case by this Court . . . ." (ECF No. 96 at 5-6.) The Court is conducting a *de novo* review in the instant Order, but such a standard has not resulted in a different outcome for Plaintiff's claims. The omission Plaintiff mentions does not alter the appropriate legal analysis that Judge Mix undertook. The objection is overruled.

Plaintiff's third objection posits that the FAC "did not seek monetary relief against any Defendant in an official capacity; such designation in the FAC was only for the purposes of injunctive relief, and there is therefore nothing for the Magistrate to recommend a [w]ith [p]rejudice dismissal on regarding sovereign immunity." (ECF No. 96 at 8.) As such, Plaintiff

5

seems to be saying that there are no monetary claims in the FAC. Judge Mix made it clear that any of Plaintiff's "official capacity First and Fifth Amendment claims for monetary relief against Defendants Rangel, Shepherd, and Foster be dismissed **with prejudice**." (ECF No. 89 at 14) (emphasis in original). As Plaintiff seems to disavow any request for monetary relief from Defendants in their official capacity, his objection is essentially a point of clarification which is noted. Nonetheless, Judge Mix's reasoning is adopted and any objection is overruled.

Plaintiff's fourth objection is to a footnote where Judge Mix notes that "in April of 2012, Defendant Shepherd was transferred to a post outside Plaintiff's unit . . . Plaintiff's request for entry of declaratory judgment would have no effect on Defendant Shepherd's future behavior toward Plaintiff." (ECF No. 89 at 17.) Plaintiff argues that Defendant Shepherd's "transfer within the ADX facility in no way means that he will not again encounter the Plaintiff and be in a position to continue his retaliation." (ECF No. 96 at 9-10.) Plaintiff continues to argue, as he did in previous briefing before Judge Mix, that the declaratory judgment he seeks "stating that all such actions as those committed by Defendant Shepherd are unconstitutional will be extremely beneficial to the Plaintiff because he can use it in the Administrative Remedy process to substantiate his grievances against Defendant Shepherd and make sure that Defendant Shepherd and others know that such conduct is unlawful." (ECF No. 96 at 10-11.) But this objection does not alter the outcome or the correctness of Judge Mix's conclusion that "Plaintiff is seeking a retrospective opinion that these Defendants wrongly harmed him, which is an impermissible use of a declaratory judgment." (ECF No. 89 at 16.) Even if such a declaratory judgment would benefit Plaintiff, that does not create an actual live controversy that is sufficiently immediate and real. The Court agrees with Judge Mix's analysis and this objection is overruled.

Plaintiff's fifth objection, that Judge Mix's conclusion regarding the Administrative Procedures Act "would have the effect of making the BOP entirely exempt from the APA with regard to anything it could conceivably ever do concerning a prisoner," does not raise a specific issue, either factual or legal, for this Court's review. (ECF No. 96 at 11-12.) Plaintiff also objects to Judge Mix's understanding that "this claim has already been dismissed as meritless and is no longer a part of this case" (ECF No. 89 at 19), referring to a prior Order (ECF No. 6 at 3). Plaintiff states that "this is the first time Plaintiff will have the opportunity to appeal this issue, and also, since the claim in the FAC is different from the claim as originally included, it is new." (ECF No. 96 at 12.) Plaintiff does not provide any further detail on how this claim as written in the FAC is distinct from the claim that was originally dismissed in the initial Order, and more to the point, whether or not it is new does not indicate whether it has any merit. As the claim has already been dismissed and Plaintiff offers nothing to suggest why that was an incorrect outcome, this objection is overruled.

Plaintiff's sixth objection is that Judge Mix's analysis was based on a "completely erroneous and false" "premise—that Defendant Shepherd no longer poses any threat to Plaintiff." (ECF No. 96 at 13.) Plaintiff grossly oversimplifies Judge Mix's analysis. Plaintiff also does not dispute that the FAC states that Defendant Shepherd has been reassigned and is no longer in contact with Plaintiff; rather, Plaintiff argues that the FAC demonstrates that guards and inmates "are routinely moved about from one section to another in ADX, so the fact that Defendant Shepherd was transferred . . . means absolutely nothing." (ECF No. 96 at 13-14.) This objection does not change the requirement that the FAC must show "real and immediate" injury in order to warrant injunctive relief. Plaintiff asserts in the Objection (rather than in the FAC) that "Defendant Shepherd returned to [Plaintiff's] unit immediately upon hearing that he

7

had won the lawsuit" and said to Plaintiff "I'm baaaaaaack…" Putting aside the fact that this allegation does not appear in the FAC, it too falls short of what is needed in order to state a claim for injunctive relief.

Plaintiff's seventh objection argues that it would be unfair to deprive federal prisoners of constitutional protections that are afforded to state prisoners and also that the "alternative remedies" available to persons with no other effective means of protecting their constitutional rights do not "add up to a hill of beans" because they are "insufficient remedial substitutes." (ECF No. 96 at 20-22.) The first argument does not point to any alleged misapprehension of the law or facts in this case on Judge Mix's part; the Court will not entertain a discussion comparing the remedies available to state prisoners versus federal in this context, and the Court doubts Plaintiff's original premise regardless. Plaintiff's argument as to the second point is essentially that he has been unsuccessful at utilizing those alternative remedies, and that his situation demonstrates "the futility and uselessness" of remedies like filing administrative grievances. (ECF No. 96 at 21.) However, as Defendants note, just "because he was not able to use any other process to reach a resolution he wanted" does not mean "that there was no alternative process to protect his constitutional interest." (ECF No. 98 at 5.) Plaintiff's objection is overruled.

Plaintiff's eighth objection takes issue with Judge Mix's conclusion that the FAC states no claim against Defendant Shepherd based on his transfer to another post in ADX, and argues that "[f]or the Magistrate to read so much into so little is clearly erroneous, and the Plaintiff should have at least been given the opportunity to Amend in order to clarify the point." (ECF No. 96 at 23.) The Court has already responded to Plaintiff's assertion that Defendant Shepherd's transfer out of his unit was temporary and he presents an ongoing threat in the

Court's analysis above regarding previous objections. This objection repeats the same allegations and only adds that Plaintiff should have been given the opportunity to amend. This is not an appropriate basis for an objection, and it is overruled.

Plaintiff's ninth objection is that he should be given the chance to amend "regarding his alleged failure to adequately specify the type of injunctive relief he seeks." (ECF No. 96 at 25.) Plaintiff appears to misunderstand that Judge Mix recommended that the dismissal of Plaintiff's claims for prospective injunctive relief be without prejudice. This objection is overruled.

Plaintiff's tenth objection is that the Recommendation mischaracterizes the constitutional violation at issue and that the Recommendation is wrong to describe ostracization as an insufficient adverse consequence for retaliation purposes. (*Id*. at 26-30.) Both of these objections misunderstand Judge Mix's Recommendation. The Recommendation says that Plaintiff's allegations fail to satisfy the first element of a First Amendment claim "[t]o the extent Plaintiff bases his claim for injunctive relief on his filing of a grievance for another prisoner." (ECF No. 89 at 32.) The Recommendation later concluded that Plaintiff's allegations regarding retaliation based on his own grievances did not meet the third element of a First Amendment retaliation claim, that the alleged retaliation be motivated by constitutionally protected activity. As for the ostracization point, the Recommendation does not speak to whether ostracization may be an adverse consequence—rather, Judge Mix says any ostracization Plaintiff alleges fails to establish the second element of a First Amendment retaliation claim. This Court agrees, and the objection is overruled.

Plaintiff's eleventh objection claims that the Recommendation misstated the law regarding temporal proximity being irrelevant, and that at the motion to dismiss stage, it "is altogether different, and, in any event, the Plaintiff has shown much more than mere temporal

9

proximity alone." (ECF No. 96 at 30.) This objection is far too vague for the the Court to discern Plaintiff's meaning, much less find in his favor. Plaintiff does not cite any sources nor explain how Judge Mix misstated the law. The objection is overruled.

Plaintiff's twelfth objection is that he should not be required to show "that the retaliation had a chilling effect on *his own* actions, especially regarding his filing of grievances or the lawsuit, because such a holding would make it altogether impossible for anyone who ever made it to Court (as a prerequisite to which, under the PLRA, grievances must first be filed) to prove that the retaliation was sufficiently chilling." (ECF No. 96 at 31) (emphasis in original). The legal requirement is that Plaintiff demonstrate injury that would chill "a person of ordinary firmness." *Nielander v. Bd. of County Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009). Regardless of whether that contention is true, this objection does not point to a flaw in Judge Mix's factual or legal analysis regarding Plaintiff's First Amendment claim. Plaintiff cannot meet any of the three required elements to establish retaliation. The objection is overruled.

Plaintiff's thirteenth objection has three components. First, he argues that the Recommendation erred by finding that Plaintiff's failure to respond to Defendants' motions to dismiss on the Fifth Amendment claim resulted in a waiver. (ECF No. 96 at 32.) However, Plaintiff cites no legal authority suggesting this was incorrect nor does he proffer any arguments he would have made had he responded to the Fifth Amendment claim issue. Second, he argues that the Recommendation incorrectly referred to Administrative Segregation instead of Disciplinary Segregation. The Court finds any such error, even assuming there was one, linguistic and inconsequential and it would not and does not affect the analysis leading to dismissal of the FAC. Third, Plaintiff argues that Defendant Rangel's participation deprived him of his legally required neutral and detached hearing body and Judge Mix failed to sufficiently

consider this. (*Id*. at 31-34.) The Court disagrees. As the FAC shows, Plaintiff's case was referred to the Disciplinary Hearing Officer, not Defendant Rangel, who subsequently decided on his punishment. (ECF No. 46 at ¶ 43.) The objection is overruled.

In Plaintiff's fourteenth objection, he "stands firm on his contention that the *Accardi* [d]octrine requires only a showing of prejudice, or at the most a lesser standard that the atypical and significant hardship test . . . " (ECF No. 96 at 34.) Even assuming Plaintiff is right on this point, as the Recommendation itself notes, Plaintiff also failed to show prejudice in the FAC. ECF No. 89 at 42 n. 10 ("The Court notes that Plaintiff's amended complaint does not allege that the BOP's alleged practice ever impaired his ability to file a formal request for an administrative remedy, so even if the Court were to adopt Plaintiff's interpretation of *Accardi*, Plaintiff would have failed to have shown prejudice."). The objection is overruled.

Plaintiff's fifteenth objection is simply a blanket assertion that he "objects to all aspects of the Magistrate's Recommendation." (ECF No. 96 at 34-35.) Again, this type of general objection to the entirety of Judge Mix's reasoning and factual analysis is simply not specific enough to constitute a valid objection. It is overruled.

Plaintiff's sixteenth objection "directs this Court's attention to the improper manner in which the Magistrate has cherry-picked two very minor and inconsequential references by the Plaintiff (*i.e.*, that a guard said Defendant Rangel said Plaintiff was being moved for helping another inmate with his grievance; and, that Defendant Shepherd was temporarily moved to another post within ADX), and used those references alone against Plaintiff to deny him any relief . . ." (ECF No. 96 at 35-36.) This objection is virtually indistinguishable from similar objections made previously in the same document, and the Court has already addressed those, so will simply add that these two facts, "cherry-picked" or not, are not the sole bases for Judge

Mix's conclusions, and even assuming those facts went in Plaintiff's favor, the outcome here would be the same.

Plaintiff's seventeenth objection simply requests that the Court conduct a *de novo* review "and that the entirety of the Magistrate's Recommendations be rejected and disregarded altogether." (ECF No. 96 at 36-37.) The Court has conducted a *de novo* review, and at its conclusion, finds that the Recommendation was correct.

### IV. CONCLUSION

Based on the foregoing and a *de novo* review of this matter, it is ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's March 25, 2013 Recommendation are OVERRULED and the Recommendation (ECF No. 89) is ADOPTED;

2. Defendant Shepherd's Motion to Dismiss (ECF No. 52) and Defendant Foster's Motion to Dismiss (ECF No. 56) are hereby GRANTED;

3. BOP's Motion to Dismiss (ECF No. 55) is GRANTED in part and DENIED AS MOOT in part as set forth in the Recommendation;

4. The Complaint in this matter is DISMISSED without prejudice in part and with prejudice in part as set forth in the Recommendation.

DATED this 24th day of December, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge