## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 12-cv-01108-RM-KLM

ROBERT DALE SHEPARD,

    Plaintiff,

v.

PATRICIA RANGEL, ADX General Population Unit Manager, individually and in her official capacity,
DARREN FOSTER, ADX Counselor, individually and in his official capacity,
DANIEL SHEPHERD, ADX Correctional Officer, individually and in his official capacity, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Robert Shepard's ("Plaintiff") motion to reopen the time for filing his notice of appeal ("Motion"). (ECF No. 108.) Plaintiff submitted a declaration in support of his Motion. (ECF No. 109.)

For the following reasons, the Court DENIES Plaintiff's Motion[1].

Rule 4 of the Federal Rules of Appellate Procedure provides that, in a case such as this, where a party is a United States agency or United States officer or employee sued in an official capacity, that "the notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed. . . ." Fed. R. App. P. 4(a)(1)(B)(ii)-(iii). Under Rule 4(a)(6) of the Federal Rules of Appellate Procedure,

---

[1] Plaintiff also moves for an extension of time in which to file his notice of appeal under 28 U.S.C. § 2107(c). 28 U.S.C. § 2107(c) is inapplicable to this matter as Plaintiff filed his Motion more than 30 days after the expiration of time in which to file his notice of appeal.

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A)   the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B)   the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C)   the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). A movant must demonstrate his compliance with every condition and the failure to meet any one condition precludes the reopening of the time to file an appeal. *Portley-El v. Milyard*, 365 F. App'x 912, 917 n.9 (10th Cir. 2010). The Tenth Circuit Court of Appeals has held that "[t]he essence of Rule 4(a)(6) is finality of judgment" and that [w]hile application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction. . . ." *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000).

In this matter, Plaintiff fails to demonstrate that Defendants would not be prejudiced by reopening the time in which Plaintiff may file his notice of appeal. Further, Plaintiff's request that the Court invoke equitable principles for reopening the time for him to file his notice of appeal finds no support within Tenth Circuit case law. *See Muniz v. Cavazos*, 312 F. App'x 86 88 (10th Cir. 2008) (stating that nothing "within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons") (citation omitted).

Although, in certain circumstances, a prisoner's failure to receive legal documents may support a First Amendment claim for denial of access to the courts, such a claim is not before the Court. *See Simkins v. Bruce*, 406 F.3d 1239, 1243-44 (10th Cir. 2005).

Based on the foregoing, the Court:

(1)     DENIES Plaintiff's motion to reopen the time for filing a notice of appeal (ECF No. 108).

DATED this 1st day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge